**Ludmila BESS, M.D., Plaintiff— Appellant,**

v.

**NEW YORK LIFE INSURANCE COMPANY, a New York Corporation, Defendant—Appellee.**

**No. 01–56532.**

**D.C. No. CV–00–04650–R.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2002.

Decided June 10, 2002.

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

### MEMORANDUM*

Ludmila Bess, M.D., appeals from a judgment in favor of her insurer, New

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

York Life Insurance Company (N.Y.LIC), that is predicated on a series of rulings, including: (1) summary judgment on Bess's state-law complaint based on ERISA preemption; (2) denial of Bess's motion for reconsideration of the ERISA-based summary judgment ruling; and (3) summary judgment on Bess's claim for total disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

## I

Shortly after the district court held that Bess's claims were preempted by ERISA, Bess moved to reconsider in light of this court's decision in *LaVenture v. Prudential Insurance Co. of America*, 237 F.3d 1042 (9th Cir.2001). *LaVenture* clearly undermines the basis for the district court's ruling given our holding that a disability policy purchased by business owners for their sole benefit is not an ERISA plan. *Id.* at 1047. The district court's articulated reason for refusing to reconsider—that Bess was not an owner when the motion for summary judgment was heard—is beside the point. Accordingly, it was an abuse of discretion not to entertain Bess's motion for reconsideration. We remand for reconsideration, including for an opportunity for both parties to develop a record in light of *LaVenture*.

## II

The parties offer competing, not manifestly unreasonable interpretations of the total disability provisions in Bess's policies and extensive arguments supporting those interpretations. There is no indication that the district court considered and ruled upon the merits of these arguments. *See*

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). While New York Life urges us nevertheless to affirm, we are guided by the California Supreme Court's admonition that, "[i]n its final analysis, the question of what amounts to total disability is one of fact...." *Erreca v. Western States Life Ins. Co.*, 19 Cal.2d 388, 397, 121 P.2d 689 (1942). We cannot say that triable issues do not exist here; therefore, we reverse and remand for further proceedings on the issue of whether Bess is entitled to total disability benefits.

REVERSED.